# Exhibit 1

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY
PENNSYLVANIA

| | |
|---|---|
| JASON E. LONGWELL and CARRIE R. LONGWELL, his wife, | CIVIL DIVISION |
| Plaintiffs, | |
| vs. | NO.: 2006-1600 |
| SPECIALTY TIRES OF AMERICA, INC., WELD RACING, INC., and DAVE WILLOUGHBY, individually and d/b/a WEDGE MOTORSPORTS, | COMPLAINT IN CIVIL ACTION<br><br>FILED ON BEHALF OF:<br>Plaintiffs |
| Defendants. | COUNSEL OF RECORD FOR THIS PARTY:<br><br>John E. Quinn, Esquire<br>Pa. I.D. #: 23268<br><br>PORTNOY & QUINN, LLC<br>FIRM #724<br>One Oxford Centre<br>36th Floor<br>Pittsburgh, PA 15219<br><br>412-765-3800 |

<u>JURY TRIAL DEMANDED</u>

_Defendant_
 are hereby notified to file a written
response to the enclosed _Complaint_
within twenty (20) days from service
hereof or a default judgment may be
entered against you.

PORTNOY QUINN
BY _____
Attorneys for _Plaintiffs_

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by the attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Mercer County's Lawyer Referral Service
c/o Mercer County Bar Association
P. O. Box 1302
Hermitage, PA  16148
724-342-3111

PORTNOY & QUINN, LLC

BY: _____
John E. Quinn, Esquire
Attorney for Plaintiff

## COMPLAINT IN CIVIL ACTION

1. Jason E. Longwell, (hereinafter "Plaintiff"), is an adult individual resident of Burghill, Trumbull County, State of Ohio.

2. Specialty Tires of America, Inc., (hereinafter "Defendant"), is a corporation duly authorized and existing under the laws of the state of Pennsylvania which, at all times relevant hereto, was engaged in the conduct of business in Mercer County, Pennsylvania. At all times relevant hereto, Defendant was engaged in the business of manufacturing racing tires.

3. At all times relevant hereto, the Defendant was operating by and through its duly authorized servants, agents and employees who at all times relevant hereto were engaged in and upon the performance of their duties, within the scope of their employment and upon the business of the Defendant.

4. The events hereinafter complained of occurred on or about July 2, 2004, at or about 9:00 p.m., in the garage of Plaintiff's residence located at 7170 State Route 609, Burghill, Trumbull County, State of Ohio.

5. Sometime prior to the date set forth above, Defendant manufactured a certain racing tire which was sold to Plaintiff for use while engaging in motor vehicle racing.

6. At or about the date and time set forth above, Plaintiff was present at the aforementioned place along with his cousin, John Singledecker, preparing for a race at Sharon Speedway the following day.

7. Plaintiff attempted to mount the above-stated racing tire on a racing wheel when, after ten (10) to fifteen (15) seconds of filling the tire with nitrogen, the tire exploded as Plaintiff heard the "bead pop."

8. Said explosion caused the tire to strike Plaintiff in the right leg and blow him backwards through the garage door, which was vinyl sided with particleboard.

9. As the Plaintiff was so situated, he was caused to suffer severe and serious injuries and damages as a result of the product's defective condition in that the racing tire and racing wheel failed to properly secure and align, thereby causing the tire to explode upon inflation.

10. When the Defendant sold or distributed the aforesaid product it was expected to and did reach the Plaintiff without substantial change in the condition in which it was sold.

11. At the time of the sale or distribution of the product by the Defendant it was in a defective condition, which defect was the proximate cause of the injuries and damages sustained by the Plaintiff, and for which the Defendant is strictly liable.

12. The Defendant warranted to Plaintiff that the product was merchantable and fit and safe for its intended use.

13. The Plaintiff relied on the warranties made by the Defendant, which warranties were breached by Defendant by virtue of the injuries suffered by Plaintiff.

## COUNT I
### STRICT LIABILITY
*Jason E. Longwell v. Specialty Tires of America, Inc.*

14. Plaintiff hereby incorporates Paragraphs 1 through 13, inclusive, as though set forth in their entirety herein.

15. The aforementioned incident and the resulting injuries and damages were caused by and were the direct and proximate result of the defective condition and/or negligent or otherwise tortious conduct of the Defendant, subjecting it to strict liability in tort in the following particulars:

(a) In designing, manufacturing, selling and/or distributing the tire when it was in a defective condition; and/or

(b) In failing to inspect and/or improperly inspect the tire to discover the defective condition; and/or

(c) In manufacturing, distributing, selling and/or supplying the tire without reasonable, adequate, sufficient and proper testing and inspection thereof; and/or

(d) In failing to warn or advise persons using the tire of the defective condition of which the Defendant was aware or in the exercise of reasonable care should have been aware; and/or

(e) In failing to properly test, inspect and examine the tire when the Defendant knew that danger to life and limb could result if the tire was defective when used for its intended purpose; and/or

(f) In manufacturing, selling, distributing and/or supplying the tire which was not in conformity with the applicable standards of the industry and/or with applicable safety standards for its intended use; and/or

(g) In failing to provide the Plaintiff and other users of the product with a safe product; and/or

(h) In designing, manufacturing and/or selling or distributing the tire which was defective and unfit for its intended use and for any foreseeable use; and/or

(i) In designing, manufacturing and/or selling or distributing the tire with a defective condition which was not obvious to users thereof and to the Plaintiff in particular; and/or

(j) In failing to install, equip or provide the tire with caution stickers, markers or labels warning the user of the hazards involved in the use of the product; and/or

(k) In manufacturing and/or distributing the tire which was defective in its design so that it was not safe for its intended use; and/or

(l) In manufacturing and/or distributing the tire with a defective condition in such a fashion that it would not perform in the manner in which it was intended with ordinary use.

16. By reason of the aforesaid tortious conduct of the Defendant, the Plaintiff sustained the following injuries, all of which are or may be of a permanent nature: concussion;

right leg open compound tibia fracture which necessitated a 4-compartment fasciotomy of the right leg and open reduction and internal fixation of the right distal tibia and fibular fractures with fluoroscopic assistance; broken right hand; lacerations and contusions.

17. As a result of said injuries, Plaintiff has expended and/or may be compelled to expend large sums of money for medical and surgical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services.

18. As a result of said injuries, Plaintiff has suffered and/or may suffer a loss of earnings and an impairment of his earning capacity and power.

19. As a result of said injuries, Plaintiff has suffered and/or may continue to suffer great pain, inconvenience, embarrassment and mental anguish.

20. As a result of said injuries, Plaintiff has been and/or may be deprived of the ordinary pleasures of life.

WHEREFORE, Plaintiff brings this action against Defendant to recover damages in excess of the jurisdictional limits of the Board of Arbitrators of this Honorable Court.

## COUNT II
### NEGLIGENCE
*Jason E. Longwell v. Specialty Tires of America, Inc.*

21. Plaintiff hereby incorporates Paragraphs 1 through 20, inclusive, as though set forth in their entirety herein.

22. The aforementioned incident and the resulting injuries and damages were caused by and were the direct and proximate result of the negligence of the Defendant, in any or all of the following respects:

   a) In failing to properly and adequately provide protective devices and safety features on the product to prevent such injuries; and/or

   b) In failing to properly design the product in order to avoid such injuries; and/or

c) In failing to properly and adequately manufacture the product in order to provide a safe product; and/or

d) In failing to adequately assemble and fabricate the product in order to provide a safe product; and/or

e) In failing to provide adequate warnings and cautions and/or directions concerning the dangers and limitations of the product; and/or

f) In failing to properly and adequately design, fabricate, manufacture, sell, label, or supply the product in a safe condition; and/or

g) In failing to adequately and properly test and/or inspect the product in order to provide a safe product; and/or

h) In failing to provide and/or establish and/or follow proper and/or adequate quality control methods in the manufacture of the product so as to provide a safe product; and/or

i) In failing to keep abreast of the state of the art in science, engineering, and specific machine industry in connection with the design of the product; and/or

j) In failing to disclose to purchasers or users that the product was defectively and/or unreasonably designed, thereby making it dangerous to use; and/or

k) In failing to properly and/or adequately make the product so that users would be aware of the latent danger therein; and/or

l) In failing to properly design and/or manufacture the product to insure that the tire would not explode upon inflation; and/or

m) In failing to properly and/or adequately test or inspect the product in order to insure its proper working.

23. By reason of the aforesaid tortious conduct of the Defendant, the Plaintiff sustained the following injuries, all of which are or may be of a permanent nature: concussion; right leg open compound tibia fracture which necessitated a 4-compartment fasciotomy of the right leg and open reduction and internal fixation of the right distal tibia and fibular fractures with fluoroscopic assistance; broken right hand; lacerations and contusions.

24. As a result of said injuries, Plaintiff has expended and/or may be compelled to expend large sums of money for medical and surgical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services.

25. As a result of said injuries, Plaintiff has suffered and/or may suffer a loss of earnings and an impairment of his earning capacity and power.

26. As a result of said injuries, Plaintiff has suffered and/or may continue to suffer great pain, inconvenience, suffering, embarrassment and mental anguish.

27. As a result of said injuries, Plaintiff has been and/or may be deprived of the ordinary pleasures of life.

WHEREFORE, Plaintiff brings this action against Defendant to recover damages in excess of the jurisdictional limits of the Board of Arbitrators of this Honorable Court.

## COUNT III
## BREACH OF WARRANTY
### *Jason E. Longwell v. Specialty Tires of America, Inc.*

28. Plaintiff hereby incorporates Paragraphs 1 through 27, inclusive, as though set forth in their entirety herein.

29. The aforementioned incident and the resulting injuries and damages were caused by and were the direct and proximate result of the Defendant's breach of express and/or implied warranties of merchantability or fitness for a particular purpose, in any or all of the following respects:

   a) In that Defendant did not have the product adequately, properly, and/or timely tested prior to its use; and/or

   b) In that the product was not of fair, average quality in the trade in which Defendant dealt; and/or

   c) In that the product was not fit for the ordinary purpose for which the product is customarily used; and/or

d) In that the Defendant knew or should have known that the product was dangerous and likely to cause damage to users; and/or

e) In that the product was not of merchantable quality and was not in conformity, insofar as safety is concerned, with products used in a normal course of business; and/or

f) In that the Defendant knew or should have known that in order to make the product safe for use, it should have been provided with appropriate safety devices and/or safety features; and/or

g) In that the Defendant knew, or should have known, that due to the inherently dangerous nature of the design of the product, it should have provided warnings on the product to protect users; and/or

h) In that the product was not properly and adequately tested and/or inspected by the Defendant in order to provide a safe product; and/or

i) In that the Defendant did not provide, establish, or follow proper and adequate quality control methods in the manufacture of the product so as to provide a safe product; and/or

j) In that the Defendant did not keep abreast of the state of the art in the science and engineering of the industry involving labeling and/or construction of the product; and/or

k) In that the Defendant did not disclose to the users of the product, such as Plaintiff, that the product was defectively and/or unreasonably designed, thereby making the product dangerous to use; and/or

l) In that the Defendant knew, or should have known, that Plaintiff was relying upon the expertise of the Defendant in designing, fabricating, manufacturing, labeling, and/or supplying the product; and/or

m) In expressly or impliedly warranting that the product was properly and/or adequately tested and inspected when the same was not true; and/or

n) In expressly or impliedly warranting that the product was safe for use; and/or

o) In expressly or impliedly misrepresenting that the product was safe for use; and/or

p) In expressly or impliedly warranting that the product was safe for use in compliance with the safety standards of the industry.

30. By reason of the aforesaid tortious conduct of the Defendant, the Plaintiff sustained the following injuries, all of which are or may be of a permanent nature: concussion; right leg open compound tibia fracture which necessitated a 4-compartment fasciotomy of the right leg and open reduction and internal fixation of the right distal tibia and fibular fractures with fluoroscopic assistance; broken right hand; lacerations and contusions.

31. As a result of said injuries, Plaintiff has expended and/or may be compelled to expend large sums of money for medical and surgical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services.

32. As a result of said injuries, Plaintiff has suffered and/or may suffer a loss of earnings and an impairment of his earning capacity and power.

33. As a result of said injuries, Plaintiff has suffered and/or may continue to suffer great pain, inconvenience, embarrassment and mental anguish.

34. As a result of said injuries, Plaintiff has been and/or may be deprived of the ordinary pleasures of life.

WHEREFORE, Plaintiff brings this action against Defendant to recover damages in excess of the jurisdictional limits of the Board of Arbitrators of this Honorable Court.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

PORTNOY & QUINN, LLC

BY: _____
John E. Quinn, Esquire
Attorney for Plaintiff

## VERIFICATION

I verify that the statements made herein are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Date

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the within Complaint was forwarded to the following individual this 3rd day of July, 2006 via facsimile and first-class U. S. Mail, postage prepaid:

> Joseph Decker, Esquire
> Babst, Calland, Clements & Zomnir
> Two Gateway Center
> Pittsburgh, PA 15222

PORTNOY & QUINN, LLC.

BY _____
Attorneys for Plaintiff